## J. A. CHAPIN V. SEWARD COUNTY.

FILED FEBRUARY 8, 1906.   No. 14,098.

Counties: LIABILITY.   Under the provisions of section 23, chapter 50 of the Compiled Statutes, a county is not liable to a complaining witness for an amount equal to one-fourth of the sum collected as fines and paid over to the school fund, where the complaint is for selling liquor without a license.

ERROR to the district court for Seward county: BENJAMIN F. GOOD, JUDGE.   *Affirmed.*

*Landis & Schick, Thomas Darnall* and *A. G. Wolfenbarger,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson* and *L. H. McKillip, contra.*

JACKSON, C.

The plaintiff brought this action to recover a sum equal to one-fourth the amount of certain fines paid over to the defendant's treasurer by persons convicted of a violation of the provisions of chapter 50 of the Compiled Statutes. The allegations of the petition important to the inquiry are that the plaintiff was the complaining witness in criminal prosecutions for the sale of .liquor without license in an incorporated village of the defendant county; that the filing of the complaints terminated in assessing certain fines, which were paid and converted into the treasury of the defendant; that the plaintiff made out and filed with the county board claims for one-fourth the amount of the fines, which were rejected.

A general demurrer to the plaintiff's petition was sustained.   He appeals, and bases his right to recover upon section 23 of the chapter in question.   This section reads as follows: "All fines and penalties recovered under the provisions of this act shall, when collected, be paid into the proper treasury for the use of the school fund, and

the corporate authorities by whom such license was issued shall pay to the complaining witness in such action, out of the general fund of the county or city, an amount equal to one-fourth of the sum actually collected and paid over to the school fund as aforesaid." Comp. St. 1905, ch. 50, sec. 23 (Ann. St. 7173). The purpose of this enactment evidently was to hold the municipality issuing a license under the provisions of the act, of which it is a part, to some extent responsible for the regulation of the traffic which it might license, and, in the event of a conviction of its licensee for the violation of the provisions of the act, to make some compensation to the complaining witness who brought the fact of such violation to the attention of the public authorities.

It will be observed that the fines shown by the petition in the case at bar to have been collected were not for the violation of the provisions of the act in an incorporated village, but for sales without license. The village therefore is not responsible to the complaining witness, because the village issued no license. The county board was without jurisdiction to issue license, and, while the fines were paid into the county treasury for the benefit of the school fund of the county, yet it is not the receipt of the fine by the municipal authority that makes the municipality liable to the complaining witness. It is clearly the purpose of the statute to make the municipality receiving the license money responsible, and, as no municipality had received license money from the persons paying the fines, no municipality was liable to the complaining witness.

The judgment of the district court was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.